FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2014 JAN 17 A 10: 27
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TORREY TERRANCE GREGORY,

    Petitioner,

v.

BRAD HOOKS,

    Respondent.

CIVIL ACTION NO.: CV613-092

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Torrey Gregory ("Gregory"), who is currently incarcerated at Rogers State Prison in Reidsville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Screven County, Georgia, Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Gregory filed a "Motion for Objection" in response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Gregory's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

On August 11, 2010, Gregory was convicted, after pleading guilty, to multiple violations of the Georgia Controlled Substances Act. Gregory was sentenced to 20

years' imprisonment on the same date. (Doc. No. 1, p. 2). Gregory did not file a direct appeal.

On September 19, 2011, Gregory filed a state habeas corpus petition. (Doc. No. 14-1). After an evidentiary hearing, the state habeas corpus court denied relief on March 12, 2012. (Doc. No. 14-2). Gregory filed an application for certificate of probable cause to appeal with the Georgia Supreme Court on May 23, 2012, which was dismissed as untimely filed on November 5, 2012. (Doc. No. 14-3). Gregory then filed a second state habeas corpus petition on March 6, 2013. (Doc. No. 14-5). Gregory's second state habeas corpus was dismissed as successive on May 23, 2013. (Doc. No. 14-6).

In this petition, which was filed on September 24, 2013, Gregory contends that the trial court erred by not informing him that he had the opportunity to withdraw his guilty plea as a matter of right. Gregory asserts that his convictions were obtained in violation of double jeopardy. Gregory also asserts that he received ineffective assistance of counsel because his counsel failed to conduct a proper investigation, to review the indictment and discovery with him, or to advise Gregory that he could withdraw his guilty plea. Respondent alleges that Gregory's petition should be dismissed, as it is untimely.[1]

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

---

[1] Gregory's pleading filed after Respondent's Motion to Dismiss is not responsive to the Motion at all. Rather, Gregory reasserts the claims set forth in his original petition.

The limitation period shall run from the latest of—

- (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

- (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Gregory's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Gregory was convicted in the Screven County Superior Court on August 11, 2010, and he did not file a direct appeal. Gregory had a period of thirty (30) days to file a notice of appeal. Thus, his conviction became final on or about September 10, 2010. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Because Gregory's conviction became final on September 10, 2010, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect

3

to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Gregory's conviction became final on September 10, 2010, and he filed his initial state habeas corpus petition on September 19, 2011. By that time, the statute of limitations period applicable to section 2254 petitions had expired, and there was no time remaining in that limitations period to toll. Gregory's petition, which was filed on September 24, 2013, was untimely filed.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Gregory's petition for writ of habeas corpus be **DISMISSED**, with prejudice, as it was untimely filed.

**SO REPORTED** and **RECOMMENDED**, this 17th day of January, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)